**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **LUMEN EMPLOYEE BENEFITS COMMITTEE,** ) ) ) ) **Plaintiff,** ) **v.** ) ) **ROBBIN SMITH and** ) **LEVENTHAL PUGA BRALEY P.C.,** ) ) ) **Defendants.** ) | **FILE NO. 1:21-CV-3484** |

**COMPLAINT**

COMES NOW, Lumen Employee Benefits Committee[1], by and through undersigned counsel, and for its Complaint against the Defendants, states and alleges as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is an action for equitable and declaratory relief to enforce the terms, to ensure consistent administration and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1000-1461 ("ERISA").

2. The Lumen Health Care Plan (hereafter, inclusive of its predecessor plans as sponsored by predecessor entities, the "Lumen Plan") is a self-funded employee welfare benefit plan as those terms are defined by ERISA. The Lumen Employee Benefits Committee

---

[1] The Lumen brand was launched on September 14, 2020. As a result, CenturyLink, Inc. is referred to as Lumen Technologies, or simply Lumen. The legal name CenturyLink, Inc. was formally changed to Lumen Technologies, Inc. and the CenturyLink Employee Benefits Committee was accordingly renamed the Lumen Employee Benefits Committee.

(hereinafter "Committee" or "Plaintiff") serves as plan administrator and fiduciary of the Lumen Plan. The Committee is authorized to bring this action on behalf of all Lumen Plan participants and beneficiaries to enforce the terms of the Lumen Plan and ensure consistent administration of the Lumen Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of an equitable lien by agreement over identifiable funds in the possession and/or control of the Defendants. No money damages are being sought from the Defendants in this action.

4. Defendant Robbin Smith (hereinafter "Defendant Smith") is a resident of the State of Colorado, residing at 120 N. Faver Drive, Castle Rock, Colorado 80109-9557.

5. Defendant, Leventhal Puga Braley P.C., (hereinafter "Leventhal Firm") is a Colorado corporation with a principal place of business located at 950 S. Cherry Street, Suite 600, Denver, Colorado, 80246.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA.

7. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Lumen Plan is administrated in this district and the defendants reside in this district.

## FACTUAL ALLEGATIONS

8. At all times relevant to this complaint, Robbin Smith (hereinafter "Smith") was a beneficiary of the Lumen Plan, through her spouse, Doyle Smith, Jr.'s, employment with Lumen and participation in the Lumen Plan.

9. On or about September 9, 2013, Defendant Smith received an epidural corticosteroid injection from Hasish Khan, M.D. (hereinafter "Dr. Khan") at Surgery Center at Lone Tree (hereinafter "SCLT") for treatment of low back and sciatica pain.

10. After receiving the injection, Defendant Smith lost feeling in her lower extremities and was diagnosed with bilateral lower extremity paraplegia secondary to spinal infarct/ischemia and remains permanently paralyzed below the waist.

11. The Lumen Plan extended medical benefits in the amount of $550,831.52 for treatment of Defendant Smith's post-surgery injuries.

12. In 2013, the Leventhal Firm, as counsel for Defendant Smith, filed a medical malpractice lawsuit against Dr. Khan and SCLT alleging that their collective negligence caused her injuries.

13. In July 2016, Defendant Smith settled her claims against Dr. Kahn for $950,000 (hereinafter "Settlement").

14. On March 23, 2017, following an eight day trial, a jury found against the SCLT and awarded damages of $14,905,000 to Defendant Smith and her spouse. This award was reduced to $6,974,692.27 under Colorado's Health Care Availability Act.

15. On October 15, 2020, the Colorado Court of Appeals reversed the judgment against SCLT and remanded the case with instruction to enter judgment in favor of SCLT.

16. On April 12, 2021, the Colorado Supreme Court denied Defendant Smith's petition for writ of certiorari foreclosing any recovery from SCLT.

17. At all relevant times, the Lumen Plan contained an express provision which provided that Lumen Plan participants must fully reimburse the Lumen Plan from the proceeds of the settlement of any claim asserted against a third party alleged to be responsible for the participant's injuries. This language constitutes an equitable lien by agreement over the proceeds of any such settlement. Attached hereto as **Exhibit A** is a true and correct copy of the applicable provisions of the Lumen Plan, which are incorporated by reference herein.

18. The Lumen Plan's subrogation vendor, Accent Subrogation Services n/k/a Cotiviti ("Cotiviti"), placed Defendants on notice of the Lumen Plan's right of reimbursement prior to the aforementioned Settlement.

19. The Lumen Plan, through Cotiviti, agreed delay reimbursement from the proceeds of Ms. Smith's settlement with Dr. Kahn until the resolution of her claims against SCLT.

20. Neither the Lumen Plan, nor Cotiviti, consented to the distribution of any portion of the settlement proceeds to Defendants or any other parties.

21. Upon information and belief, $224,204 of the Settlement remains in the Leventhal Firm's IOLTA account pending resolution of the lien between the parties.

## COUNT I: EQUITABLE LIEN BY AGREEMENT ON SETTLEMENT PROCEEDS IN CONSTRUCTIVE POSSESSION OF ROBBIN SMITH

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 21 above.

23. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiff seeks equitable relief against Defendant Smith and the Leventhal Firm to enforce ERISA and the written terms of the Plan.

24. Upon information and belief, Defendant Smith is in constructive possession of Settlement proceeds held by the Leventhal Firm and is therefore in possession of funds that as a matter of equity and good conscience belong to the Lumen Plan.

25. The Lumen Plan is entitled to equitable relief in the form of an equitable lien by agreement imposed upon the disputed funds.

26. Defendant Smith should be ordered to turn over to the Lumen Plan any settlement funds in her constructive possession.

## COUNT II – EQUITABLE LIEN BY AGREEMENT ON SETTLEMENT PROCEEDS IN THE ACTUAL OR CONSTRUCTIVE POSSESSION OF LEVENTHAL PUGA BRALEY, P.C.

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24 above.

28. Upon information and belief, Leventhal Firm is in actual or constructive possession of a portion of the Settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the Lumen Plan.

29. This Court should impose an equitable lien by agreement and/or equitable lien in favor of the Lumen Plan on any the trust account, operating account, or any other account into which the proceeds of the Settlement were deposited.  The equitable lien should be in the amount of the Settlement, up to the full amount of the Lumen Plan's reimbursement claim.

## COUNT III – ATTORNEYS' FEES (AGAISNT ALL DEFENDANTS)

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 29 above.

31. Plaintiff seeks its actual attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, the Plaintiff seeks the following relief:

      a. For service upon the Defendants as required by law;

      b. An order imposing an equitable lien by agreement in favor of the Plaintiff upon the settlement proceeds and requiring Defendants, to transfer the funds to the Plaintiff;

    c.    An order enjoining the Defendants from transferring or disposing of the settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

    d.    An order awarding to Plaintiff reasonable attorneys' fees and costs incurred herein, pursuant to section 29 U.S.C. § 1132(g)(1); and

    e.    Other and further equitable relief to which the Plaintiff may be entitled.

This 29th day of December.

Respectfully submitted,

/s/ John D. Kolb
John D. Kolb
KOLB CLARE & ARNOLD, PSC
9400 Williamsburg Plaza, Suite 200
Louisville, KY 40222
(p) (502) 614-3776
(f) (844) 557-4329
Email: jkolb@kcalegal.com

*Counsel for Lumen Employee Benefits Committee*